IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEREK CARRIER and DORA CARRIER, individually, and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>RAVI ZACHARIAS INTERNATIONAL MINISTRIES, INC., a 501(c)(3) Corporation; RZIM PRODUCTIONS, INC., a Georgia Non-Profit Corporation; MARGARET ZACHARIAS, in her Capacity as ADMINISTRATOR OF THE ESTATE OF RAVI KUMAR ZACHARIAS,<br><br>Defendants. | Case No.: 1:21-cv-03161-TWT |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT
RAVI ZACHARIAS INTERNATIONAL MINISTRIES, INC.**

Plaintiffs Derek Carrier and Dora Carrier ("Plaintiffs"), pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby propound their First Set of Interrogatories to Defendant, Ravi Zacharias International Ministries, Inc., ("You" or "Defendant"), and hereby request that Defendant answer these interrogatories, fully and separately in writing and under oath, within thirty (30) days of the date of

1

service.

## DEFINITIONS

Unless otherwise specified, the terms set forth below have the following meaning:

1. "You," "Your," or "Defendant" means Ravi Zacharias International Ministries, Inc., and any of its affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

2. "Accounting" means the process and means of recording financial transactions pertaining to Your business.

3. "Communication" means any mode or method of contact from the transmission, dissemination, request for, or receipt of information of any kind including thoughts, mental impressions, ideas, suggestions, etc., conveyed in any format, and by any means or medium whatsoever. This shall include, but shall not be limited to, all statements, admissions, denials, inquiries, discussions, conversations, negotiations, agreements, contracts, understandings, meetings, telephone conversations, voice messages, letters, correspondence, notes, telegrams, telexes, emails advertisements, or any other form of written or verbal intercourse. The requests include communication to, from, or within a corporate entity or organization and include any and all communications by, between, and among its

representatives, employees, agents, advisors, brokers, or attorneys (except when privileged).

4. The term "Documents" shall have the broadest meaning permissible and includes, without limitation, the following items, whether printed, recorded, filmed, reproduced by any other mechanical process, or written or produced by hand, and including all originals, masters, copies, drawings, or reproductions by any means of any such material, namely: agreements, contracts and memoranda of understanding; assignments; licenses, correspondence and communications; cablegrams; telex messages; reports, notes and memoranda; summaries; minutes and records of telephone conversations, meeting and conferences, reports, and/or summaries of investigations; statement of persons having knowledge of relevant facts; opinions and reports of experts and consultants; patents; registration marks; copyrights, and applications for any of them; opinions of counsel, sales records, including purchase orders, order acknowledgment, and invoices; books of account; statements, bills, checks, and vouchers; brochures; pamphlets; catalogs and catalog sheets, sales literature and sales promotion material; advertisements; displays, brochures, and circulars; and trade letters, notices and announcements, press publicity, trade and public releases; diaries; histories, ledgers; charts; diagrams; blueprints; sketches; models; prototypes, and any other tangible object not

otherwise described herein.

5. In addition, the term "Documents" includes "electronic data," which means the original and any non-identical copies and drafts of mechanical, facsimile, electronic, magnetic, digital, or other programs (whether private, commercial, or work-in-progress); programming notes, instructions, comments or remarks; program change logs and activity listings of electronic mail receipts and/or transmittals; output resulting from the use of any software program, including word processing Documents, spreadsheets, database files, charts, graphs, and outlines; electronic mail; operating systems; source code of all types, programming languages, linkers and compilers; peripheral drivers; PRF files, ASCII files; and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists in an active, deleted file, or file fragments. Electronic data includes any and all items stored on computer memories or computer chips, including, but not limited to, EPROM, PROM, RAM and ROM, hard disks, floppy disks, CD-ROM, Bernoulli Boxes and their equivalent, magnetic tape of all types, microfiche, punched media, or any other vehicle for digital storage and/or transmittal.  The term includes all Electronic Bulletin Board Services, including all levels of access, sub-boards, conferences, and all information contained therein.

6. "Describe" means to represent or give an account of in words.

7. "Donation" means anything of monetary value given to You by a Person who is not Your employee, agent, or officer.

8. "Donor" means a Person who is not Your employee, agent, or officer, who has given You a Donation.

9. "Explain" means to elucidate, make plain or understandable, to give the reason for or cause of, and to show the logical development or relationships thereof.

10. "Identify" means, when referring to a person, to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment.

11. "Person(s)" means any natural person or any business, charitable, religious, legal, or governmental entity or association.

12. "Plaintiffs" means and refers to Plaintiffs Derek Carrier and Dora Carrier.

13. The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope hereof any information which might otherwise be construed as to be outside the scope of these discovery requests.

## **INSTRUCTIONS**

1. To the extent any interrogatory is objected to, set forth all reasons for the objection. If you object, and refuse to answer in part to any interrogatory, respond to the balance of the interrogatory.

2. If you object to fully identifying a document or oral communication because of a privilege, you should nevertheless provide the following information:

    a. the nature of the privilege claimed, including work product;

    b. the privilege rule being invoked;

    c. the date of the document or oral communication;

    d. if a document: its type (correspondence, memorandum, facsimile etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including, where appropriate, the author, the addressee, and, if not apparent, the relationship between the author and addressee;

    e. if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

    f. the general subject matter of the document or oral communication.

3.  These interrogatories seek information that is now, or ever was, in your knowledge or that of your present or former employees, representatives, agents, and persons consulted, concerning any factual matters or opinions, or is otherwise available to you as either a practical matter or as a matter of law.

4.  For the purposes of reading, interpreting, or construing the scope of these interrogatories, the terms used shall be given their most expansive and inclusive interpretation.

## TIMEFRAME

Unless otherwise stated, the time period these requests cover is January 2004 to present.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify the officer(s), employee(s), and agent(s) answering or providing any information used to answer each Interrogatory, including each name, business address, and job title or capacity.

**INTERROGATORY NO. 2:**

Identify all Donations made to You during the relevant timeframe.

**INTERROGATORY NO. 3:**

Identify all Accounting systems, software, and methods You use to record

Donations made to You and expenses paid by You, during the relevant timeframe, and state whether each such system is searchable by electronic means.

**INTERROGATORY NO. 4:**

Describe how You spent and are currently spending funds you obtained by Donation during the relevant timeframe.

**INTERROGATORY NO. 5:**

Identify all Persons who perform, or have performed, Accounting services for You during the relevant time frame.

**INTERROGATORY NO. 6:**

Identify each and every bank, credit union, or other financial institution that holds or has held any of Your funds, property, and/or assets during the relevant timeframe.

**INTERROGATORY NO. 7:**

Describe all sources of Your revenue during the relevant time frame.

Dated: August 25, 2021

By: */s/ Michael L. McGlamry*
Michael L. McGlamry
Georgia Bar No. 492515
**POPE MCGLAMRY, PC**
3391 Peachtree Road, Suite 300
PO Box 19337 (31126-1337)
Atlanta, GA 30326
Telephone: (404) 523-7706

Facsimile: (404) 524-1648
efile@pmkm.com

Brad R. Sohn
Florida Bar No. 98788
*Admitted Pro Hac Vice*
**THE BRAD SOHN LAW FIRM, PLLC**
1600 Ponce De Leon Blvd.
Suite 1205
Coral Gables, FL 33134
Telephone: (786) 708-9750
Facsimile: (305) 397-0650
brad@bradsohnlaw.com

Graham LippSmith
*Admitted Pro Hac Vice*
MaryBeth LippSmith
*Admitted Pro Hac Vice*
Jaclyn L. Anderson
*Admitted Pro Hac Vice*
**LIPPSMITH LLP**
555 S. Flower Street, Suite 4400
Los Angeles, CA 90071
Telephone: (213) 344-1820
Facsimile: (213) 513-2495
g@lippsmith.com
mb@lippsmith.com
jla@lippsmith.com

*Attorneys for Plaintiffs*