**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| DEREK CARRIER and DORA CARRIER, individually, and on behalf of all others similarly situated; | Case No.: 1:21-cv-03161-TWT |
| Plaintiffs, | |
| vs. | |
| RAVI ZACHARIAS INTERNATIONAL MINISTRIES, INC., a 501(c)(3) Corporation; RZIM PRODUCTIONS, INC., a Georgia Non-Profit Corporation; MARGARET ZACHARIAS, in her Capacity as ADMINISTRATOR OF THE ESTATE OF RAVI KUMAR ZACHARIAS, | |
| Defendants. | |

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT MARGARET ZACHARIAS, in her Capacity as
ADMINISTRATOR OF THE ESTATE OF RAVI KUMAR ZACHARIAS**

Plaintiffs Derek Carrier and Dora Carrier ("Plaintiffs"), pursuant to Rules 26

and 34 of the Federal Rules of Civil Procedure, propound their First Request for

Production of Documents to Defendant, Margaret Zacharias, in her Capacity as

Administrator of the Estate of Ravi Kumar Zacharias, ("You" or "Defendant"), and

request that Defendant produce the documents requested within thirty (30) days of the date of service at the offices of the undersigned counsel.

## DEFINITIONS

Unless otherwise specified, the terms set forth below have the following meaning:

1.      "You," "Your," or "Defendant" means Margaret Zacharias, in her Capacity as Administrator of the Estate of Ravi Kumar Zacharias, and any of its affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

2.      "Accounting" means the process and means of recording financial transactions pertaining to Your business.

3.      "Communication" means any mode or method of contact from the transmission, dissemination, request for, or receipt of information of any kind including thoughts, mental impressions, ideas, suggestions, etc., conveyed in any format, and by any means or medium whatsoever. This shall include, but shall not be limited to, all statements, admissions, denials, inquiries, discussions, conversations, negotiations, agreements, contracts, understandings, meetings, telephone conversations, voice messages, letters, correspondence, notes, telegrams, telexes, emails advertisements, or any other form of written or verbal intercourse.

2

The requests include communication to, from, or within a corporate entity or organization and include any and all communications by, between, and among its representatives, employees, agents, advisors, brokers, or attorneys (except when privileged).

4.     The term "Documents" shall have the broadest meaning permissible and includes, without limitation, the following items, whether printed, recorded, filmed, reproduced by any other mechanical process, or written or produced by hand, and including all originals, masters, copies, drawings or reproductions by any means of any such material, namely: agreements, contracts and memoranda of understanding; assignments; licenses, correspondence and communications; cablegrams; telex messages; reports, notes and memoranda; summaries; minutes and records of telephone conversations, meeting and conferences, reports and/or summaries of investigations; statement of persons having knowledge of relevant facts; opinions and reports of experts and consultants; patents; registration marks; copyrights and applications for any of them; opinions of counsel, sales records, including purchase orders, order acknowledgment and invoices; books of account; statements, bills, checks and vouchers; brochures; pamphlets; catalogs and catalog sheets, sales literature and sales promotion material; advertisements; displays, brochures, circulars; and trade letters, notices and announcements, press publicity,

3

trade and public releases; diaries; histories, ledgers; charts; diagrams; blueprints; sketches; models; prototypes and any other tangible object not otherwise described herein.

5.     In addition, the term "Documents" includes "electronic data," which means the original and any non-identical copies and drafts of mechanical, facsimile, electronic, magnetic, digital, or other programs (whether private, commercial, or work-in-progress); programming notes, instructions, comments or remarks; program change logs and activity listings of electronic mail receipts and/or transmittals; output resulting from the use of any software program, including word processing Documents, spreadsheets, database files, charts, graphs and outlines; electronic mail; operating systems; source code of all types; programming languages, linkers and compilers; peripheral drivers; PRF files; ASCII files; and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists in an active, deleted file, or file fragments. Electronic data includes any and all items stored on computer memories or computer chips, including, but not limited to, EPROM, PROM, RAM, and ROM; hard disks; floppy disks; CD-ROM, Bernoulli Boxes, and their equivalent; magnetic tape of all types; microfiche; and punched media or any other vehicle for digital storage and/or transmittal. The term

4

includes all Electronic Bulletin Board Services, including all levels of access, sub-boards, conferences, and all information contained therein.

6.     "Decedent" means Decedent Ravi Kumar Zacharias.

7.     "Donation" means anything of monetary value given to Decedent and/or the Estate by a Person who is not an employee, agent, or officer of Decedent and/or the Estate.

8.     "Donor" means a Person who is not an employee, agent, or officer of Decedent and/or the Estate who has given a Donation.

9.     "Estate" refers to the Estate of Ravi Kumar Zacharias, which includes its agents, servants, employees, employers, representatives, co-venturers, associates, independent contractors, predecessors in interest and/or other business names and/or any entities in which the Estate is a member, manager, or stockholder, or any affiliated entity.

10.    "Identify" means, when referring to a person, to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment.

11.    "Person(s)" means any natural person or any business, charitable, religious, legal, or governmental entity or association.

12.    "Plaintiffs" means and refers to Plaintiffs Derek Carrier and Dora

Carrier.

13.     "Relating to," "Referring to," "Regarding," or "Reflecting" means in any way directly or indirectly concerning, referring to, disclosing, describing, confirming, supporting, evidencing, representing, clarifying, supporting, or contradicting.

14.     "Support" means referring to, concerning, responding to, reflecting, indicating, commenting on, regarding, discussing, showing, evidencing, describing, implying, analyzing, or consulting.

15.     The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope hereof any information which might otherwise be construed as to be outside the scope of these discovery requests.

## <u>INSTRUCTIONS</u>

1.     In producing documents, you are to furnish all responsive documents in your possession, custody, or control, or known to be available to you, regardless of whether such documents are possessed directly by you or your attorneys, agents, current, and past employees; current and past officers; and current and past directors or representatives, and whether they are maintained at any of your locations, offices, employees' homes, employees' offices, employees' storage

6

archives, or in archives or in any other locations (including back-up tapes, emails, or other data) or with any persons related to you.

2.     Each request includes a request for the original and all copies, preliminary drafts, or versions of documents that differ in any respect from the original document, such as difference in form or content, or differences by reason of handwritten notes or comments. If you are not able to produce the original of any document, please produce the best available copy and all non-identical copies, including drafts. The requests include all attachments and enclosures of documents produced.

3.     All documents shall be produced as they are kept in the ordinary course of business or shall be organized in a manner clearly identifying and indicating the documents or tangible things that are being produced in response to each request, as well as the source of such retrieval.

4.     Any documents available in an electronic format shall be so provided in the following format: All documents should be produced with a .dii load file. If the original file is a native file, a delimited text file should include all metadata fields. Excel files and database files should be provided in native format with a .dii Edoc load file. All other documents should be provided in PDF or multipage Tif files with associated .txt file for OCR purposes. Linked documents (for example,

attachments to an email) should be processed to show the parent-child relationship in the .dii load file.

5.      If any document requested cannot be produced in full or in part, you shall state, in writing, the reasons for your inability to produce all or any portion of the document requested and serve those reasons on all parties at the time requested for response.

6.      If any of the documents requested herein are withheld under a claim of privilege, identify each such document and state the date of the document; identify its author and addressee, each person to whom copies of the document were furnished or to whom the contents thereof were communicated; provide a summary of the subject matter of the document, its present location an custodian, the basis upon which the asserted privilege is claimed; and indicate the requests to which the document is responsive.

7.      If any of the documents requested herein have been destroyed or are no longer in your possession, custody, or control, furnish a list identifying each such document; its author and addressee; each person to whom copies of the document were furnished or to whom the contents thereof were communicated; a summary of the substance of the document, and, if applicable, the date upon which it was destroyed and the reason it was destroyed.

8.     These document requests are continuing in nature, and you are to serve supplementary responses and make additional documents available should additional responsive information or documents become known to you after service of your response hereto.

## **TIMEFRAME**

Unless otherwise stated, the time period these requests cover is January 2004 to present.

## **REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**

Every insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment against You and/or the Estate in this action, to indemnify You and/or the Estate, or to reimburse You and/or the Estate for payments made to satisfy the judgment regardless of whether You and/or the Estate have or intend to make such a claim.

**REQUEST NO. 2:**

All Documents You reviewed and/or relied upon in formulating Your responses to Plaintiffs' First Set of Interrogatories.

**REQUEST NO. 3:**

All Documents Relating or Referring to the Accounting of Estate funds,

assets, and revenue during the relevant timeframe.

**REQUEST NO. 4:**

All Documents showing Donations made to Decedent and/or the Estate during the relevant timeframe.

**REQUEST NO. 5**

All Documents Relating or Referring to payments and/or transfers made by You and/or the Estate to Guidepost Solutions, Rachel Denhollander, and/or any other consultant, victim-advocate, or Person who is engaged in public relations, crisis management, marketing, or rebranding during the relevant timeframe.

**REQUEST NO. 6:**

All Documents Relating or Referring to payments and/or transfers made by You and/or the Estate to any ministry, church, charitable organization, or Person who is not employed or hired by You during the relevant timeframe.

**REQUEST NO. 7:**

All Documents Relating or Referring to payments and/or transfers made by You and/or the Estate to any Person who alleges or alleged having experienced any form of abuse or harassment, including sexual and spiritual abuse or harassment, by Ravi Kumar Zacharias, or to any third party on behalf of any such Person during the relevant timeframe.

**REQUEST NO. 8:**

All Documents Relating or Referring to transfers of any Estate funds, property, or assets to any offshore bank account(s) during the relevant timeframe.

**REQUEST NO. 9:**

All Documents Relating or Referring to payments or transfers made by You and/or the Estate to any law firm and/or attorney for services Relating to sexual and spiritual misconduct allegations made against Ravi Kumar Zacharias during the relevant timeframe.

Dated: August 25, 2021

By:     */s/ Michael L. McGlamry*
Michael L. McGlamry
Georgia Bar No. 492515
**POPE MCGLAMRY, PC**
3391 Peachtree Road, Suite 300
PO Box 19337 (31126-1337)
Atlanta, GA 30326
Telephone: (404) 523-7706
Facsimile: (404) 524-1648
efile@pmkm.com

Brad R. Sohn
Florida Bar No. 98788
*Admitted Pro Hac Vice*
**THE BRAD SOHN LAW FIRM, PLLC**
1600 Ponce De Leon Blvd.
Suite 1205
Coral Gables, FL 33134
Telephone: (786) 708-9750

Facsimile: (305) 397-0650
brad@bradsohnlaw.com

Graham LippSmith
*Admitted Pro Hac Vice*
MaryBeth LippSmith
*Admitted Pro Hac Vice*
Jaclyn L. Anderson
*Admitted Pro Hac Vice*
**LIPPSMITH LLP**
555 S. Flower Street, Suite 4400
Los Angeles, CA 90071
Telephone: (213) 344-1820
Facsimile: (213) 513-2495
g@lippsmith.com
mb@lippsmith.com
jla@lippsmith.com

*Attorneys for Plaintiffs*