# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DEREK CARRIER, DORA CARRIER, ELIZABETH S. NELSON, and CHRIS J. NELSON individually, and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>RAVI ZACHARIAS INTERNATIONAL MINISTRIES, INC., a Georgia Domestic Non-Profit Corporation; RZIM PRODUCTIONS, INC., a Georgia Domestic Non-Profit Corporation; and MARGARET ZACHARIAS, in her Capacity as ADMINISTRATOR OF THE ESTATE OF RAVI ZACHARIAS,<br><br>Defendants. | Case No.: 1:21-cv-03161-TWT<br><br>**PLAINTIFFS' MOTION FOR ENTRY OF PLAINTIFFS' PROPOSED STIPULATED PROTECTIVE ORDER** |

# PLAINTIFFS' MOTION FOR ENTRY OF PLAINTIFFS' PROPOSED STIPULATED PROTECTIVE ORDER

Plaintiffs Derek Carrier, Dora Carrier, Elizabeth S. Nelson, and Chris J. Nelson, individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), and pursuant to Federal Rules of Civil Procedure Rule 16(b)(3)(B)(iv) and Rule 26, as well as Local Rule 7.1, hereby file this Memorandum of Law in Support of their Motion for Entry of Plaintiffs' Proposed Stipulated Protective Order ("Motion"). In support thereof, Plaintiffs state as follows:

1. Plaintiffs seek an Order entering Plaintiffs' Proposed Stipulated Protective Order. Plaintiffs' Proposed Stipulated Protective Order is attached to this Motion as Exhibit A.

2. Plaintiffs bring this Motion pursuant to Federal Rules of Civil Procedure Rule 16(b)(3)(B)(iv) and Rule 26, as well as Local Rule 7.1. Plaintiffs seek the entry of their Proposed Stipulated Protective Order.

3. Plaintiffs Derek Carrier and Dora Carrier filed this action on August 4, 2021. Dkt. 1. Plaintiffs amended their complaint on September 22, 2021. Dkt. 37. This Court stayed discovery on November 17, 2021. Dkt. 48. That stay is still in effect. The Parties have not engaged in any discovery in this matter.

4. In their November 19, 2021 Joint Preliminary Report and Discovery Plan, Plaintiffs proposed that the Parties submit a Stipulated Protective Order within 14 days of the Court's order on the RZIM Defendants' motions to dismiss; Defendants did not agree. Dkt. 51 at 24.

5. On June 24, 2022, the Court held a Joint Scheduling Conference, during which the Court indicated that discovery would not commence, if it does commence, until September 21, 2022, and directing the Parties to file any motions before September 21, 2022.

6. The Parties have not yet agreed to a Stipulated Protective Order. Dkt. 56 at 14. Defendants circulated a proposed Stipulated Protective Order on November 18, 2021. *Id.* Plaintiffs circulated proposed edits to that Stipulated Protective Order on February 9, 2022. *Id.* To date, Defendants have not provided any edits to the draft Stipulated Protective Order that Plaintiffs returned to them on February 9, 2022. *Id.*

7. The RZIM Defendants "contend that the issue of a protective order should not be addressed unless and until the Court finds that class certification is appropriate." Dkt. 56 at 16.

8. Plaintiffs seek the entry of their Proposed Stipulated Protective Order before September 21, 2022, to ensure there are no barriers to commencing

discovery, should this Court (1) deny the RZIM Defendants' motion to strike or dismiss the class allegations or to deny class certification and (2) lift the discovery stay on September 21, 2022.

9. Plaintiffs are eager to begin discovery as soon as possible in September should the Court lift the stay and allow discovery. The Parties ordinarily would have started discovery 30 days after the appearance of a defendant by answer or motion. Fed. R. Civ. P. 26(a)(1); Civ. L. R. 26.1(A). The RZIM Defendants filed their first motion to dismiss on September 8, 2021. Dkt. 22.

10. Moreover, Plaintiffs owe a duty to the putative class and to the Court to file their motion for class certification as soon as is possible. The Federal Rules of Civil Procedure provide that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). The Northern District of Georgia's Local Rules ordinarily require Plaintiffs to file a motion for class certification within 90 days of filing the complaint. Civ. L. R. 23.1(B).

11. Plaintiffs need discovery to file a motion for class certification, and the Parties agree they need a protective order to engage in discovery. Dkt. 51 at 23.

3

12. In support of this Motion, Plaintiffs adopt and incorporate by reference the First Amended Complaint and the Memorandum of Law filed contemporaneously herewith, as if set forth fully herein.

**WHEREFORE,** Plaintiffs request that the Court enter an order as follows:

A. Granting Plaintiffs' Motion for Entry of Plaintiffs' Proposed Stipulated Protective Order; and

B. Granting any such other and further relief the Court deems necessary and appropriate.

Dated: July 8, 2022         Respectfully submitted,

By:  /s/ *Graham B. LippSmith*
Graham LippSmith
California Bar No. 221984
*Admitted Pro Hac Vice*
MaryBeth LippSmith
California Bar No. 223573
*Admitted Pro Hac Vice*
Jaclyn L. Anderson
California Bar No. 258609
*Admitted Pro Hac Vice*
**LIPPSMITH LLP**
555 S. Flower Street, Suite 4400
Los Angeles, CA 90071
Telephone: (213) 344-1820
Facsimile: (213) 513-2495
g@lippsmith.com
mb@lippsmith.com
jla@lippsmith.com

Michael McGlamry
Georgia Bar No. 492515
**POPE MCGLAMRY, PC**
3391 Peachtree Road, Suite 300
PO Box 19337 (31126-1337)
Atlanta, GA 30326
Telephone: (404) 523-7706
Facsimile: (404) 524-1648
mmcglamry@pmkm.com

Brad R. Sohn
Florida Bar No. 98788
*Admitted Pro Hac Vice*
**THE BRAD SOHN LAW FIRM, PLLC**
1600 Ponce De Leon Blvd.
Suite 1205
Coral Gables, FL 33134
Telephone: (786) 708-9750
Facsimile: (305) 397-0650
brad@bradsohnlaw.com

Andrew S. Ashby
Georgia Bar No. 455020
Maxwell K. Thelen
Georgia Bar No. 311404
Seth A. Lowry
Georgia Bar No. 867568
**ASHBY | THELEN | LOWRY**
445 Franklin Gateway SE
Marietta, GA 30067
Telephone: (404) 777-7771
Facsimile: (404) 777-7772
drew@atllaw.com
max@atllaw.com
seth@atllaw.com

Attorneys for Plaintif

5

## **LOCAL RULE 7.1(D) CERTIFICATE OF COMPLIANCE**

I hereby certify pursuant to Local Rule 7.1(D) of the United States District Court, Northern District of Georgia that the foregoing document has been prepared in accordance with the font type and point selections approved by the Court in Local Rule 5.1(B), using a font type of Times New Roman and a point size of 14.

/s/ *Graham B. LippSmith*
Graham B. LippSmith
California Bar No. 221984
*Admitted Pro Hac Vice*
**LIPPSMITH LLP**
555 S. Flower Street, Suite 4400
Los Angeles, CA 90071
Telephone: (213) 344-1820
Facsimile: (213) 513-2495
g@lippsmith.com

Attorney for Plaintiffs

# CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2022, I electronically filed the foregoing **PLAINTIFFS' MOTION FOR ENTRY OF PLAINTIFFS' PROPOSED STIPULATED PROTECTIVE ORDER** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record, according to the Court's Electronic Mail Notice List.

/s/ *Graham B. LippSmith*
Graham B. LippSmith
California Bar No. 221984
*Admitted Pro Hac Vice*
**LIPPSMITH LLP**
555 S. Flower Street, Suite 4400
Los Angeles, CA 90071
Telephone: (213) 344-1820
Facsimile: (213) 513-2495
g@lippsmith.com

Attorney for Plaintiffs