# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DEREK CARRIER, DORA CARRIER, ELIZABETH S. NELSON, and CHRIS J. NELSON individually, and on behalf of all others similarly situated;<br><br>  Plaintiffs,<br><br>vs.<br><br>RAVI ZACHARIAS INTERNATIONAL MINISTRIES, INC., a Georgia Domestic Non-Profit Corporation; RZIM PRODUCTIONS, INC., a Georgia Domestic Non-Profit Corporation; and MARGARET ZACHARIAS, in her Capacity as ADMINISTRATOR OF THE ESTATE OF RAVI ZACHARIAS,<br><br>  Defendants. | Case No.: 1:21-cv-03161-TWT<br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENTRY OF PLAINTIFFS' PROPOSED STIPULATED PROTECTIVE ORDER** |

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ...........................................................................................................1

FACTUAL BACKGROUND .......................................................................................2

PROCEDURAL HISTORY ..........................................................................................3

ARGUMENT .................................................................................................................4

    I.     LEGAL STANDARDS ..........................................................................4

    II.    THE COURT SHOULD ISSUE AN ORDER ENTERING PLAINTIFFS' PROPOSED STIPULATED PROTECTIVE ORDER ...................................................................................................5

CONCLUSION ..............................................................................................................8

i

# TABLE OF AUHTORITIES

**Page(s)**

**Cases**

*Fed. Trade Comm'n v. AbbVie Products LLC*, 713 F.3d 54 (11th Cir. 2013) ..........5

*Rensel v. Centra Tech* , 2 F.4th 1359 (11th Cir. 2021) .............................................5

**Rules**

Civ. L. R. 23.1(B).....................................................................................................5

Civ. L. R. 26.1(A)....................................................................................................5

Fed. R. Civ. P. 16(b)(3)(B)(iv).................................................................................5

Fed. R. Civ. P. 23(c)(1)(A)...................................................................................5, 7

Fed. R. Civ. P. 26 ....................................................................................................5

Fed. R. Civ. P. 26(a)(1) ...........................................................................................5

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENTRY OF PLAINTIFFS' PROPOSED STIPULATED PROTECTIVE ORDER**

Plaintiffs Derek Carrier, Dora Carrier, Elizabeth S. Nelson, and Chris J. Nelson, individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), and pursuant to Federal Rules of Civil Procedure Rule 16(b)(3)(B)(iv) and Rule 26, as well as Local Rule 7.1, hereby file this Memorandum of Law in Support of their Motion for Entry of Plaintiffs' Proposed Stipulated Protective Order ("Motion").

## INTRODUCTION

Plaintiffs Dora and Derek Carrier filed this putative class action lawsuit against Defendants Ravi Zacharias International Ministries, Inc., RZIM Productions, Inc. (together, "RZIM"), and Margaret Zacharias, in her capacity as Administrator of the Estate of Ravi Kumar Zacharias ("Estate") by and through decedent Ravi Zacharias ("Zacharias"), (collectively, "Defendants") nearly a year ago on August 4, 2021. Since then, no discovery has taken place due to Defendants' refusal to engage in discovery, their filing a motion to stay discovery, and their current position that the stay should remain in place until the Court decides issues of class certification.

1

Defendants circulated a proposed Stipulated Protective Order on November 18, 2021. Plaintiffs circulated proposed edits to that Stipulated Protective Order on February 9, 2022. To date, Defendants have not provided any edits to the draft Stipulated Protective Order that Plaintiffs returned to them on February 9, 2022.

Defendants have had ample time and opportunity over the course of the last five months to propose changes to Plaintiffs' Proposed Stipulated Protective Order or to propose an alternative version of a protective order. Defendants have chosen not to engage in the process of coming to an agreement on a Stipulated Protective Order.

Accordingly, Plaintiffs now seek the Court's entry of their Proposed Stipulated Protective Order to ensure that discovery can commence immediately on September 21, 2022, should this Court decide (1) to deny the RZIM Defendants' motion to dismiss or strike class allegations or to deny class certification and (2) to lift the stay at that time.

## FACTUAL BACKGROUND

Defendants induced and bilked thousands, if not tens or hundreds of thousands, of well-meaning and faithful donors out of financial contributions totaling at least tens of millions of dollars. Dkt. 37, ¶ 2.

Defendants deceived Plaintiffs and the putative Class, soliciting donations purportedly for their stated mission of evangelism. Dkt. 37 ¶¶ 3, 50. Through conferences, seminars, and audio programming, Defendants, promised prospective donors that their charitable contributions would support RZIM's stated mission, which included spreading the Gospel of Jesus Christ and training disciples to defend Christianity around the globe. Dkt. 37 ¶¶ 3, 21–23.

Defendants in fact used donated funds to facilitate and cover up Zacharias's sexual abuse of women. Dkt. 37 ¶¶ 3, 50. Defendants never disclosed their improper use of funds. Dkt. 37 ¶¶ 90–92.

## PROCEDURAL HISTORY

Plaintiffs Derek Carrier and Dora Carrier filed this action on August 4, 2021. Dkt. 1. Plaintiffs filed their First Amended Complaint on September 22, 2021. Dkt. 37. This Court stayed discovery on November 17, 2021. Dkt. 48. That stay is still in effect. The Parties have not engaged in any discovery in this matter.

In their November 19, 2021 Joint Preliminary Report and Discovery Plan, Plaintiffs proposed that the Parties submit a Stipulated Protective Order within 14 days of the Court's order on the RZIM Defendants' motions to dismiss; Defendants did not agree. Dkt. 51 at 24.

On June 24, 2022, the Court held a Joint Scheduling Conference, during which the Court indicated that discovery would not commence, if it does commence, until September 21, 2022, and directing the Parties to file any motions before that date.

The Parties have not yet agreed to a Stipulated Protective Order. Dkt. 56 at 14. Defendants circulated a proposed Stipulated Protective Order on November 18, 2021. *Id.* Plaintiffs circulated proposed edits to that Stipulated Protective Order on February 9, 2022. *Id.* To date, Defendants have not provided any edits to the draft Stipulated Protective Order that Plaintiffs returned to them on February 9, 2022. *Id.*

Plaintiffs seek the entry of their Proposed Stipulated Protective Order before September 21, 2022, to ensure there are no barriers to the efficient commencement of discovery should this Court decide (1) to deny the RZIM Defendants' motion to strike or dismiss the class allegations or to deny class certification and (2) to lift the discovery stay on September 21, 2022.

## ARGUMENT

### I. LEGAL STANDARDS

"District courts are in a superior position to decide whether to enter or modify protective orders" and enjoy wide discretion to do so. *Fed. Trade Comm'n*

*v. AbbVie Products LLC*, 713 F.3d 54, 61 (11th Cir. 2013); *see also* Fed. R. Civ. P. 16(b)(3)(B)(iv); Fed. R. Civ. P. 26.

This Court "must determine by order whether to certify the action as a class action" "[a]t an early practicable time after a person sues or is sued as a class representative." Fed. R. Civ. P. 23(c)(1)(A). The Northern District of Georgia's Local Rules ordinarily require Plaintiffs to file a motion for class certification within 90 days of filing the complaint. Civ. L. R. 23.1(B). Here, the Court has vacated the deadline for filing a motion for class certification and indicated that it will issue a scheduling order at a later date.

Plaintiffs need discovery before they can file a reasoned and supported motion for class certification. *Rensel v. Centra Tech*, 2 F.4th 1359, 1367 (11th Cir. 2021) (holding "class action plaintiffs often require discovery to inform their class certification arguments"). Without a stay of discovery, the Parties would have started discovery 30 days after the appearance of a defendant by answer or motion. Fed. R. Civ. P. 26(a)(1); Civ. L. R. 26.1(A). The RZIM Defendants filed their first motions to dismiss on September 8, 2021. Dkt. 22-1.

## II. THE COURT SHOULD ISSUE AN ORDER ENTERING PLAINTIFFS' PROPOSED STIPULATED PROTECTIVE ORDER

This Court should exercise its discretion to enter Plaintiffs' Proposed Stipulated Protective Order. *AbbVie Products LLC*, 713 F.3d at 61.

5

The Carrier Plaintiffs filed this putative class action nearly a year ago. Dkt. 1. Together with the Nelson Plaintiffs, the Carriers filed the First Amended Complaint on September 22, 2021. Dkt. 37. The Parties have never engaged in discovery in this matter, and discovery has been stayed since November 17, 2021. Dkt. 48.

The Parties jointly requested a scheduling conference, which the Court held on June 24, 2022. At that hearing, the Court indicated that discovery would not commence, if it does commence, until September 21, 2022. The Court directed the Parties to file any motions before that date.

The Parties agree that they need a protective order in place to conduct discovery, as set forth in their November 19, 2021 Joint Preliminary Report and Discovery Plan. Dkt. 51 at 24. However, the Parties have not yet agreed to the terms of a Stipulated Protective Order. Dkt. 56 at 14.

Defendants circulated a proposed Stipulated Protective Order on November 18, 2021. Dkt. 56 at 14. Plaintiffs circulated proposed edits to that Stipulated Protective Order on February 9, 2022. *Id.* To date, Defendants have never provided any substantive edits or suggested changes to the edited Stipulated Protective Order Plaintiffs returned to them on February 9, 2022. *Id.*

Plaintiffs are concerned that if the Court has not entered a Protective Order and lifts the stay on September 21, 2022, the Parties will consume a significant portion of their finite discovery period negotiating a Stipulated Protective Order.

Moreover, this Court is required to decide the issue of class certification "[a]t an early practicable time." Fed. R. Civ. P. 23(c)(1)(A). The Court indicated that it anticipates issuing a scheduling order setting forth the deadlines in this case. That scheduling order will include a deadline for Plaintiffs' motion for class certification if the Court denies the RZIM Defendants' motion to strike or dismiss class allegations or to deny class certification. Thus, Plaintiffs are eager to start discovery as soon as is possible should the Court deny RZIM's motion regarding class allegations and lift the stay of discovery.

Defendants have had since February 9, 2022, to provide substantive or other edits to Plaintiffs' proposed changes to their Proposed Stipulated Protective Order. Although the Defendants have had approximately five months to consider Plaintiffs' edits, Defendants have refused to engage in the process of agreeing to a Stipulated Protective Order.

Accordingly, Plaintiffs seek the entry of their Proposed Stipulated Protective Order before September 21, 2022, to ensure there are no barriers to the efficient commencement of discovery should this Court (1) deny the RZIM Defendants'

motion to strike or dismiss the class allegations or to deny class certification and (2) lift the discovery stay on September 21, 2022.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court issue an order entering Plaintiffs' Proposed Stipulated Protective Order.

Dated: July 8, 2022         Respectfully submitted,

By:   /s/ *Graham B. LippSmith*
      Graham LippSmith
      California Bar No. 221984
      *Admitted Pro Hac Vice*
      MaryBeth LippSmith
      California Bar No. 223573
      *Admitted Pro Hac Vice*
      Jaclyn L. Anderson
      California Bar No. 258609
      *Admitted Pro Hac Vice*
      **LIPPSMITH LLP**
      555 S. Flower Street, Suite 4400
      Los Angeles, CA 90071
      Telephone: (213) 344-1820
      Facsimile: (213) 513-2495
      g@lippsmith.com
      mb@lippsmith.com
      jla@lippsmith.com

      Michael McGlamry
      Georgia Bar No. 492515
      **POPE MCGLAMRY, PC**
      3391 Peachtree Road, Suite 300
      PO Box 19337 (31126-1337)

8

Atlanta, GA 30326
Telephone: (404) 523-7706
Facsimile: (404) 524-1648
mmcglamry@pmkm.com

Brad R. Sohn
Florida Bar No. 98788
*Admitted Pro Hac Vice*
**THE BRAD SOHN LAW FIRM, PLLC**
1600 Ponce De Leon Blvd.
Suite 1205
Coral Gables, FL 33134
Telephone: (786) 708-9750
Facsimile: (305) 397-0650
brad@bradsohnlaw.com

Andrew S. Ashby
Georgia Bar No. 455020
Maxwell K. Thelen
Georgia Bar No. 311404
Seth A. Lowry
Georgia Bar No. 867568
**ASHBY | THELEN | LOWRY**
445 Franklin Gateway SE
Marietta, GA 30067
Telephone: (404) 777-7771
Facsimile: (404) 777-7772
drew@atllaw.com
max@atllaw.com
seth@atllaw.com

Attorneys for Plaintiffs

## **LOCAL RULE 7.1(D) CERTIFICATE OF COMPLIANCE**

I hereby certify pursuant to Local Rule 7.1(D) of the United States District Court, Northern District of Georgia that the foregoing document has been prepared in accordance with the font type and point selections approved by the Court in Local Rule 5.1(B), using a font type of Times New Roman and a point size of 14.

/s/ *Graham B. LippSmith*
Graham B. LippSmith
California Bar No. 221984
*Admitted Pro Hac Vice*
**LIPPSMITH LLP**
555 S. Flower Street, Suite 4400
Los Angeles, CA 90071
Telephone: (213) 344-1820
Facsimile: (213) 513-2495
g@lippsmith.com

Attorney for Plaintiffs

# CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2022, I electronically filed the foregoing **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENTRY OF PLAINTIFFS' PROPOSED STIPULATED PROTECTIVE ORDER** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record, according to the Court's Electronic Mail Notice List.

/s/ *Graham B. LippSmith*
Graham B. LippSmith
California Bar No. 221984
*Admitted Pro Hac Vice*
**LIPPSMITH LLP**
555 S. Flower Street, Suite 4400
Los Angeles, CA 90071
Telephone: (213) 344-1820
Facsimile: (213) 513-2495
g@lippsmith.com

Attorney for Plaintiffs

1